UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

OSCAR MATOS,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondents.

Case No. 2:26-cv-00910-ART-DJA

SCREENING, DEFFERAL, APPOINTMENT, AND SERVICE ORDER

Petitioner Oscar Matos, an immigration detainee who is challenging his ongoing federal detention at Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241, a motion for leave to proceed *in forma pauperis* ("IFP), and a motion for appointment of counsel. (ECF Nos. 1-1, 1-2, 1-3.) The Court cannot determine under what statutory authority Petitioner is detained or what constitutional claims he may have, so the Court defers ruling on the petition. However, the Court finds that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[1] The Court also directs that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

It is therefore ordered that the motion to proceed IFP (ECF No. 1-2) is granted.

It is further ordered that the motion for appointment of counsel (ECF No.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

1

1-3) is granted. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order. If the FPD is unable to represent Petitioner, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it will then have 14 days to file either (1) an amended petition, or (2) a motion to dismiss the petition. The FPD must effectuate service of the amended petition, if one is filed, on Respondents.

It is further kindly ordered that the Clerk of Court:

1. **FILE** the petition (ECF No. 1-1). The petition (ECF No. 1-1) is deferred.

2. **SEND** a copy of the petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

3. **ADD** the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.

4. **MAIL** a copy of the petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

5. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this Order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

//

2

It is further ordered that in order to maintain jurisdiction and provide a prompt resolution, the Respondents shall not transfer Petitioner out of this District unless the Court grants a motion or stipulation to modify this order.[2]

DATED THIS 29th day of March 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] *See F.T.C. v. Dean Foods Co.,* 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3