UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

OSCAR MATOS,

Plaintiff,

v.

JOHN MATTOS, *et al.,*

Defendants.

Case No. 2:26-cv-00910-ART-DJA

ORDER ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 7)

Before the Court is Petitioner Oscar Matos's amended petition for habeas corpus, seeking a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 7.) Also before the Court is Respondents' motion to dismiss for lack of subject matter jurisdiction. (ECF No. 16.) On June 12, 2026, the Court held oral argument on this matter. The Court now grants the amended petition with respect to Mr. Matos's request for a bond hearing.

## I.    Background

On September 15, 2023, Petitioner Oscar Matos, a citizen of Cuba, applied for admission into the United States at the Brownsville, Texas Port of Entry via the CBP One App. (ECF No. 16-2 at 2.) His parole expired two years later, in September 2025. (ECF No. 7 at 1.) On March 13, 2026, Mr. Matos was taken into Immigrations and Customs Enforcement (ICE) custody. (ECF No. 16-1 at 4.) Mr. Matos has not been granted a bond hearing, and represents that he requested a bond hearing via mail after Respondents filed their motion to dismiss on May 29, 2026. (ECF No. 20 at 6 n.10.)

## II.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus

1

is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## I.    Analysis

### A. Jurisdiction

The Court has jurisdiction over Mr. Matos's case under 28 U.S.C. § 2441, regardless of the jurisdiction-stripping provisions of 8 U.S.C. §§ 1252(g) and 1252(b)(9). Neither of those rules deprive district courts of jurisdiction to hear challenges to confinement, as distinct from challenges to removal and actions taken in furtherance of a removal proceeding.

First, the Supreme Court has limited the reach of § 1252(g). That section deprives courts of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter." The Supreme Court has named these factors the "three discrete events along the road to deportation." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Petitioner challenges the lawfulness of his detention only, and detention is not one of the three events. A request for a bond hearing is "independent of, and collateral to, the removal process." *Ozturk v. Hyde*, 136 F.4th 382, 397 (2d Cir. 2025).

Second, the Supreme Court has rejected the argument that Section 1252(b)(9) is a jurisdictional bar to district court review of immigration detention. That section provides that "judicial review of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States" is only proper before the appropriate federal court of appeals in the form of a petition for review of a final removal order. *Id.* The Supreme Court has squarely held that Section 1252(b)(9) does not deprive federal courts of jurisdiction to decide whether certain statutory provisions require detention without a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). Once again, "claims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process." *Gonzalez v. U.S. Immig. and Cust. Enf't*, 975 F.3d 788, 810 (9th Cir. 2020); *see Nielsen v. Preap*, 586 U.S. 392, 402 (2019).

### B. Administrative Exhaustion

Respondents' sole argument in response to the petition is that it should be dismissed because Mr. Matos has not exhausted administrative remedies by requesting a bond hearing in immigration court. (ECF No. 16.) Additionally, Respondents contend that waiver of administrative exhaustion is inappropriate in this case because Mr. Matos is a member of the *Jacobo Ramirez* class and thus would be granted a bond hearing under 8 U.S.C. § 1226(a) if he requested it from the agency. (ECF Nos. 16; 21.)

In the context of habeas corpus claims, exhaustion of administrative remedies is a prudential requirement rather than a jurisdictional one, as it is not explicitly required by statute. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the

agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Courts may however waive prudential exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Mr. Matos bears the burden of demonstrating at least one of the *Laing* factors applies. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018).

As an initial matter, Respondents' argument, that Mr. Matos is a member of the *Jacobo Ramirez* class and would consequently receive a bond hearing under 8 U.S.C. § 1226(a) if he requested one, is uncompelling. The *Jacobo Ramirez* class is defined as:

"[a]ll noncitizens in the U.S. without lawful status

(1) who are or will be arrested or detained by ICE;

(2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada;

(3) *whom DHS alleges or will allege to have entered the United States without inspection or parole*;

(4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and

(5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

*Jacobo Ramirez v. Mullin*, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026) (emphasis added). The Court finds that Mr. Matos meets all but the third parameter for *Jacobo-Ramirez* class membership.

While Mr. Matos is (1) actively being detained by ICE, (2) is currently in removal proceedings, and (3) is not subject to detention under 8 U.S.C. §§

1226(c), 1225(b)(1), or 1231, the Court finds DHS does not allege that Petitioner entered the United States without inspection or parole. (*See* ECF 16-2 at 2.) To the contrary, Mr. Matos's Notice to Appear, which sets forth the basis for his ongoing removal proceedings, charges him as inadmissible because he was not in possession of a valid entry document when he applied for admission and was inspected and paroled at the Brownsville, Texas Port of Entry, on September 15, 2023. (ECF No. 16-2.) Additionally, at oral argument, Respondents did not contest that Mr. Matos was paroled into the United States. The Court therefore finds that Mr. Matos is not a *Jacobo Ramirez* class member, because he was lawfully inspected by immigration officers and paroled when he entered the country on September 15, 2023.

As a result, Mr. Matos's challenge falls squarely into the futility exception to prudential exhaustion. Mr. Matos argues that the BIA's adoption of the federal government's new interpretation of 8 U.S.C. § 1225(b)(2) in the *Matter of Hurtado*, 29 I. & N. Dec. 216, 218 (BIA 2025), which held that IJs have no authority to consider bond for any noncitizens who enters the country without inspection, renders any bond hearing request futile. The Court agrees and finds that exhaustion would be futile. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("We will excuse a failure to exhaust if it is very likely what [the BIA's] result would have been. Thus, where the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required.") (cleaned up).

Irreparable injury would likely result if Mr. Matos was required to wait to secure judicial consideration of his claim. Mr. Matos has been detained for three months and will continue to suffer irreparable harm each day he is in immigration detention. See *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (finding irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing); *Hernandez*, 872 F.3d at

995 (recognizing "the irreparable harms imposed on anyone subject to immigration detention."). Accordingly, the Court finds that waiver of the administrative exhaustion requirement is warranted and denies Respondents' motion to dismiss.[1]

Because Respondents contend that Mr. Matos is entitled to a bond hearing under 8 U.S.C § 1226(a), and the Court waives administrative exhaustion, the Court grants Mr. Matos's writ and orders Respondents to provide him with an individualized bond hearing, under 8 U.S.C. § 1226(a), by Friday, June 26, 2026.

### C. Conclusion

IT IS THEREFORE ORDERED that Mr. Matos's writ of habeas corpus (ECF No. 7) is GRANTED with respect to his request for a bond hearing.

IT IS FURTHER ORDERED that Respondents shall provide Mr. Matos with an individualized bond hearing before an immigration judge, pursuant to 8 U.S.C. § 1226(a), by Friday, June 26, 2026, wherein the Government must establish by clear and convincing evidence that Mr. Matos is a flight risk or danger to the public. If a bond hearing is not provided by June 26, 2026, Mr. Matos is to be released from custody, and upon release, should Respondent seek to re-detain Mr. Matos, it must provide no less than seven (7) days' notice to him and must hold a pre-deprivation bond hearing before a neutral arbiter wherein the Government must establish by clear and convincing evidence that Mr. Matos is a flight risk or danger to the public and at which his eligibility for bond must be considered.

IT IS FURTHER ORDERED that Respondents must file a Notice of Compliance within ten (10) days of providing Mr. Matos with a bond determination hearing.

IT IS FURTHER ORDERED that Respondents' motion to dismiss (ECF No. 16)

---

[1] Though Federal Respondents earlier sought to preserve the opportunity to respond to the petition (ECF No. 21), they confirmed at the hearing that they do not seek to present grounds beyond those addressed in their motion.

is DENIED.

Dated this 12th day of June 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE